IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/22/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

KELVIS JOSEPH ZAVALA DAVILA,
a/k/a Joseth Zabala-Davila,

Petitioner,

v.

TODD BLANCHE, Acting Attorney General,
MARKWAYNE MULLIN, Secretary, DHS;
DAVE VENTURELLA, Director, ICE;
SAM OLSON, Field Office Director, ICE; and
Warden, Midwest Regional Reception Center,

Respondents.

Case No. 26-3258-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the Court **denies** the petition.

Petitioner is a native of Venezuela. In May 2023, petitioner entered the United States and was detained; removal proceedings were initiated against him; and he was released under an Order of Release on Recognizance (OREC). On June 26, 2026, petitioner was again detained by immigration officials, and his prior release was cancelled. Petitioner is presently confined within this judicial district. On July 24, 2026, petitioner filed the instant habeas action; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

Petitioner claims that his detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

Petitioner asserts four claims in his petition. In his first claim, petitioner asserts that his detention without a bond hearing violates due process. In his third claim, petitioner asserts that his mandatory detention under 8 U.S.C. § 1225(b)(2) is unlawful. On August 4, 2026, however, the Government provided petitioner notice of its custody determination under 8 U.S.C. § 1226 (which provides for discretionary release on bond), and petitioner indicated that he requested a review of that determination by the immigration court. Then, on August 26, 2026, petitioner did receive a bond hearing on the merits in immigration court pursuant to Section 1226(a). Therefore, because the Government has now confirmed that petitioner is no longer detained under Section 1225(b)(2) and because petitioner has now received a bond hearing, the Court denies petitioner's first and third claims as effectively moot.

In his second claim, petitioner asserts that his detention violates due process because it does not serve the legitimate interest of protecting against danger or a risk of flight. The Court denies this claim. Petitioner has now had the opportunity in a bond hearing to litigate the issues of dangerousness and the risk of flight, and petitioner has not shown that his continued detention does not serve a legitimate interest in violation of due process.

In his fourth claim, petitioner asserts that his detention without a warrant was unlawful. The Government has submitted evidence that petitioner's detention was in fact supported by a warrant, and petitioner has not sufficiently rebutted that evidence. Nor has petitioner shown that the Government does not have a presently valid basis to detain petitioner.[1] Accordingly, the Court denies this claim.

Although he did not include the claim in the counts enumerated in the petition, petitioner also appears to claim that due process entitled him to a hearing *before* he was re-detained and his prior release was cancelled.[2] The Court has recently ruled that due process does not require such a pre-deprivation hearing, however. *See Singh v. Mackey*, 2026 WL 2823307 (D. Kan. Sept. 21, 2026) (Lungstrum, J.).[3] Thus, the Court denies any such claim asserted here, and it therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

---

[1] Petitioner has not disputed that he is subject to removal.

[2] Petitioner suggests that the revocation of his release was not supported by any changed circumstances, but petitioner had been convicted in 2024 on a charge relating to his driving while impaired. Petitioner's statement in the petition that he has no criminal record "[a]side from traffic violations" is misleading at best.

[3] Petitioner states in the introductory section of the petition, while citing four opinions issued by this Court, that courts in this district have held that detention "without any pre-deprivation process" violates due process. This Court has never so held; and the statement is an egregious mischaracterization of the cited cases, as in those cases the Court did *not* address due process and did *not* address the issue of pre-deprivation process, but merely held that the detention of certain aliens is governed by Section 1226(a) and not by Section 1225(b)(2).

IT IS SO ORDERED.

Dated this 22nd day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge